**436**

While Jones has unfortunately experienced little pain relief, he has failed to establish a constitutional violation even to his allegation that the defendants prescribed a drug to which he is allergic. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5·(6th Cir.1976).

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

PER CURIAM.

This is a case in which the plaintiff, the personal secretary to the former Mayor, was fired when the new Mayor took office after defeating her former boss. District Judge Higgins, relying on a recommendation by Magistrate Judge Griffith, concluded that the case is controlled by *Faughender v. City of North Olmsted, Ohio,* 927 F.2d 909 (6th Cir.1991), finding it to be directly in point. We agree and accordingly affirm the judgment of the District Court for the reasons stated in Magistrate Judge Griffith's Report found in the Appendix at page ——.

**Elizabeth BISHOP, Plaintiff–Appellant,**

v.

**Steve HILL, individually and in his capacity as County Executive of Lawrence County, Tennessee, Defendant–Appellee.**

No. 00–5171.

United States Court of Appeals, Sixth Circuit.

Feb. 28, 2001.

Before MERRITT, NELSON, and SUHRHEINRICH, Circuit Judges.

**Kevin E. MAISEL, Plaintiff–Appellant,**

v.

**OHIO STATE UNIVERSITY Defendant–Appellee.**

No. 99–3403.

United States Court of Appeals, Sixth Circuit.

Feb. 28, 2001.

Before MARTIN, Chief Judge; KENNEDY and SUHRHEINRICH, Circuit Judges.

PER CURIAM.

Kevin Eugene Maisel, a former employee of Ohio State University, sued his em-